## Byer v. Century Club of Scranton

Before Hoban, P. J., Eagen and Robinson, JJ.

*Harry P. O'Neill*, for plaintiff.

*J. Julius Levy*, for defendant.

HOBAN, P. J., December 17, 1958.—This is an action of trespass for personal injuries to plaintiff, Rose S. Byer. The complaint was filed April 10, 1958, duly served, and more than 20 days after service having elapsed without any responsive answer from defendant, defendant thereupon moved for judgment upon the pleadings. At the oral argument we were of the opinion that the motion was inappropriate.* Counsel for the parties, both desiring a decision on the ques-

---

* The procedural question is moot in this case because of the agreement of the parties. It should be noted, however, that the mere failure to file a responsive pleading to a complaint in trespass does not "close the pleadings" so as to permit a motion for judgment on the pleadings. Pa. R. C. P. 1045 contains no provision to that effect, nor does rule 1045 provide that failure to answer results in the case being "deemed at issue". In this respect the procedural rules change the former practice as under the Practice Act of May 14, 1915, P. L. 483. See Goodrich-Amram, Standard Pa. Practice §1045(c)-1.

A responsive answer may be filed at any time to a pleading in trespass without leave of court, even after 20 days from service of the prior pleading. The pleadings are only closed when the last permissible pleading is filed which serves to create an issue. Until such a pleading has been filed the motion for judgment under Pa. R. C. P. 1034 is premature.

How then does a case in which the pleadings are still open get on the trial list? Lackawanna County C. P. Rule 214 provides: "The ordering of a case on the trial list shall constitute a certificate by such counsel that the case is at issue, or that opposing counsel has assented to said case being listed for trial." This court assumes that when counsel fails to file a responsive pleading in a trespass action he thereby consents that the case may be listed for trial.

tion raised, requested the court to treat the motion as if it were a preliminary objection in the nature of a demurrer. Upon this consent we now proceed to consider whether the complaint states a case. For the purpose of considering the objection, of course all the pertinent averments of fact in the complaint must be taken to be true.

Upon the foregoing assumption the facts are as follows:

Rose S. Byer as of February 18, 1956, was a member in good standing of the Century Club of Scranton, defendant. This club is an old, established and well known women's social and civic organization incorporated as a corporation of the first class (nonprofit corporation) under Pennsylvania law. The club maintains a clubhouse, including an auditorium therein for the use of its members and others at 612 Jefferson Avenue, in the City of Scranton. On Saturday, February 18, 1956, the auditorium was used for dancing and for that purpose the floor had been waxed by the club attendants to the point that it was made "very slippery". On Sunday, February 19, the dance being over, the club attendants proceeded to buff the waxed floor and for the purpose of polishing it and as a result made it "a little more slippery". On Monday, February 20, 1956, the club conducted a lecture program in the auditorium and in preparation therefor placed on the floor, waxed as aforesaid, some 23 rows of collapsible chairs, completely covering the floor of the auditorium except the aisles and passageways to enable members and guests to get to their seats. At 1:45 in the afternoon, for the purpose of attending the lecture Rose S. Byer, plaintiff, walked through one of the aisles of the auditorium, laid out as above described, to take one of the seats, slipped and fell, first striking her arm against one of the collapsible chairs, then falling to the

floor, and suffered the injuries and subsequent damages, the subject matter of this lawsuit.

The pertinent averments of negligence, in addition to a statement that the floor was made so slippery as to be unsafe because of the application of wax, are as follows: Defendants failed to remove the waxy application when it knew the auditorium was to be used for the lecture audience; it failed to warn its members and other persons entering the premises of this slippery, unsafe and dangerous condition of the floor; the chairs were so placed on the floor that the slippery condition of the floor was concealed from plaintiff and others using the auditorium; the aisles between the seats placed as above described were not properly lighted, so that the slippery condition of the floor could not have been obvious to plaintiff and others.

There is no averment that the application of the wax to the floor for the purpose of dancing, or the subsequent polishing of the floor, was done in any improper manner, or in such a way as to leave improper accumulations of wax which could constitute a hazardous condition. Defendant, therefore, argues that the case is controlled by the rule of Bowser v. J. C. Penney Company, 354 Pa. 1, as recently applied by this court in Sirianni v. Scranton Electric Co., 59 Lack. Jur. 77, and McAndrew v. Andrews, 59 Lack. Jur. 157. The gist of the Bowser decision is that it is not negligence per se on the part of an owner of store premises to wax or oil his floors, even though by such waxing or oiling the floors may be made slippery and thus when the only condition complained of is the fact that a store floor has been waxed to the point where it is smooth and possibly slippery, a condition which ought to be apparent to anybody who used it, the mere existence of such a condition by itself does not constitute negligence. But where there has been an improper

application to the point where the result creates a hazardous condition, even the Bowser case recognizes that such an improper application could create a condition, the maintenance of which might be regarded as negligence. It seems reasonable to believe, therefore, that one who arranges a set of conditions, including an extremely slippery floor, all of which put together create a hazard not observable by the user, or reasonably to be expected as incident to the anticipated use of the property, should be liable to the authorized user, if he fails to warn the user of the hazard involved.

Here we have (a) a floor waxed to the point where it is slippery under foot. This condition might be quite acceptable for dancing but not for use if the auditorium is to be used as a lecture hall, for theatrical purposes, etc. (b) Complete covering of the waxed area with chairs, indicating the preparation of the auditorium for a use entirely different from that of a dance floor. (c) A failure to so light the aisles and approaches to the seats that the slippery condition was easily observable, and (d) probably most important of all, a failure to warn the patrons of the slippery condition.

We doubt whether the club was under any obligation to remove the wax from the floor or apply any so-called "nonslip" preparation to it. But if the combined arrangement served to create a condition which the member coming in for the express purpose of attending a lecture ought not to be obliged to anticipate, it is surely a reasonable requirement that the club should serve notice on those attending the lecture that extra care ought to be used in walking to the seating area.

The basic principles are clearly expressed in A. L. I. Restatement of the Law of Torts §343, and we think the complaint avers facts which if proved at trial can bring the case within the principles of that section.

By brief, defendant raises the question as to whether the club is liable to one of its members for bodily harm

caused by a condition thereon to the same degree that any possessor of land would be to a business visitor. The situation contemplated, of course, A. L. I. Restatement of the Law of Torts §343.

There seems to be little specific authority on the matter, but plaintiff cites one case, Wilkins v. Benevolent Protective Order of Elks, Lodge No. 643, 5 Ill. App. 2d 370, 125 N. E. 2d 549 (1955), to the effect that a member of a fraternal benefit association while on the premises of the organization is an invitee rather than a licensee. On reason, we are of the opinion that the status of a club member on club premises is at least as high, if not higher, than that of a business visitor. A club member is there of right by virtue of membership, pays for the privilege of being a member and subject to the rules and regulations of the club and is entitled to expect that the club would take the highest degree of care compatible with its resources to protect and serve the club member. At the very least plaintiff, Rose Byer, is entitled to enter the premises in the exercise of a privilege, and if so, the principles of A. L. I. Restatement of the Law of Torts §§345, 346, should apply. These principles are almost identical to those governing the liability of a possessor of land to a business visitor, to wit, to make the premises reasonably safe for the use of the persons who can be expected to exercise the privilege, or to warn them of any condition involving a hazard and the risk involved therein.

We are of the opinion that the complaint in the above entitled case states a cause of action and that the demurrer must be overruled.

Now, December 17, 1958, the motion for judgment on the pleadings (here considered as a preliminary objection by way of demurrer) is overruled, defendant to answer over within 20 days if it so desires.